# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| LAFOREST CARMICHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00-PT-2197-E |
| | ) | |
| SHERIFF LARRY AMERSON, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ENTERED

OCT 1 9 2000

## MEMORANDUM OPINION

This cause comes to be heard upon defendant Amerson's Motion to Dismiss, filed September 1, 2000.

### FACTS

Plaintiff Carmichael ("plaintiff"), a federal inmate incarcerated in the Calhoun County Jail, brought this action against defendant Sheriff Amerson, the Sheriff of Calhoun County, and co-defendant Officer Joseph LeRoux, a correctional officer at the Calhoun County jail.[1] The complaint alleges that the plaintiff sustained injuries when defendant LeRoux "erroneously unlocked the cell of Mario Lee," another inmate. The plaintiff alleges that defendant LeRoux

---

[1] The original complaint named as co-defendant a correctional officer named "Otis Davis." After the defendant filed this Motion to Dismiss, the plaintiff moved to amend his complaint to substitute Officer LeRoux, a correctional officer at the Calhoun County Jail, for Officer Davis. This motion was granted on October 13, 2000. All references to the complaint refer to the Amended Complaint, filed concurrently with the plaintiff's motion to amend on October 10, 2000. According to the Amended Complaint, Otis Davis is actually the name of the inmate with whom Lee was fighting when the plaintiff allegedly interceded.

placed Lee in "lock down" the previous day as punishment for fighting with another inmate, Otis Davis. The plaintiff alleges that he "broke up the fight" and that, consequently, Lee carried a grudge against him. The plaintiff alleges that defendant LeRoux failed to note in his incident report that the plaintiff had stopped the fight, an omission that the plaintiff claims "proximately and directly caused plaintiff's injuries." The plaintiff claims that the morning after the fight, when Lee's cell was unlocked, Lee immediately went to the plaintiff's cell and attacked him. According to the plaintiff, an officer named Middleton, not a defendant in this action, witnessed the attack. The plaintiff further alleges that after the attack, he requested medical attention and an ice pack, but was given "none." Finally, the plaintiff specifically claims that "[a]s a result of Officer LeRoux's actions, [plaintiff] suffered mental and physical injuries." (emphasis added).

### THE COMPLAINT

Count I of the plaintiff's complaint– actually the only count in the complaint– alleges that defendant LeRoux was "acting under color of state law . . ." when he deprived the plaintiff of "rights or immunities secured by the Eighth Amendment . . . ." The plaintiff then alleges that "defendant LeRoux was acting under the direction and control of [defendant Amerson] and the official policy . . . of Calhoun County, Alabama." Next, the plaintiff claims that defendant Amerson, acting under color of law and official policy, "intentionally, knowingly . . . failed to train, instruct, supervise, control, and discipline . . . [jail employees] to refrain from committing unlawful, tortuous (sic), malicious . . . and deliberately indifferent acts and/or omissions." The plaintiff then alleges that defendant Amerson "directly or indirectly, under the color of law approved and ratified the unlawful . . . conduct of . . . Officer LeRoux." The plaintiff finally claims that he suffered physical and mental injury as a result of the alleged deprivation of his

2

Eighth Amendment rights.

## ARGUMENT

Defendant Amerson first notes that, while the plaintiff's complaint states plainly that defendant Amerson is being "sued in his individual capacity," other parts of the complaint refer to the "official practice or custom" of Calhoun County. Therefore, defendant Amerson first argues that to the extent that the plaintiff claims that his injuries were the result of an official policy, practice or custom, defendant Amerson deserves Eleventh Amendment Immunity.

Defendant Amerson next argues that the complaint fails to plead that he was deliberately indifferent to a known substantial risk of harm to the plaintiff. Defendant Amerson relies upon Vinson v. Clarke County, Alabama, 10 F. Supp. 2d 1282, n2 (S.D. Ala. 1998), in which the district court concluded that the plaintiff could not bring an action for deliberate indifference against a sheriff who was not present at the jail when the plaintiff's alleged injury occurred and who was not involved in arresting or booking the plaintiff. The court can only conclude that defendant Amerson claims to have been absent from the jail at the time of the alleged incident. Defendant Amerson also relies upon an unpublished disposition from the Tenth Circuit, Daniels v. Glase, 198 F.3d 257, *5 (10th Cir. 1999)(unpub.), in which the court stated that in order to bring a successful claim for failure to train personnel, a plaintiff must identify a specific deficiency in the training program that is closely related to the ultimate injury and that actually caused the personnel to act with deliberate indifference. Citing Lopez v. Lemaster, 172 F.3d 756, 760 (10th Cir.1999).

Finally, defendant Amerson argues that he is entitled to qualified immunity. He contends that the complaint fails to allege that he violated a clearly established constitutional right.

3

In his opposition to the motion to dismiss, the plaintiff does not answer any of the defendant's arguments.  He merely notes the standard for evaluating motions to dismiss.

**The standard for Motions to Dismiss for failure to state a claim**

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint.  When considering such a motion, the court assumes that all factual allegations pled in the complaint are true.  United States v. Gaubert, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991).  All factual allegations are to be construed in the light most favorable to the plaintiff.  Brower v. County of Inyo, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989).  Usually, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief.  In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996).  In the instant case, defendant Amerson argues that the complaint fails to state a claim upon which relief can be granted for three reasons: (1) Eleventh Amendment Immunity shields him from any claims against him in his official capacity; (2) The complaint fails properly to allege deliberate indifference to a risk of injury or harm to the plaintiff; (3) Defendant Amerson is entitled to qualified immunity on all claims against him in his individual capacity because the plaintiff failed to allege the violation of a clearly established constitutional right.

## CONCLUSION OF COURT

The court concludes that the motion of defendant Amerson is due to be Granted.  The complaint is deficient for failure to allege in what way defendant Amerson was on specific notice of inadequate training in a specific area and for what other role defendant Amerson allegedly had in the alleged violation.

This 19th day of October 2000.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**