FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

00 DEC -5 PM 12: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

LAFOREST CARMICHAEL

    Plaintiff,

v.                                                       CV 00-PT-2197-E

SHERIFF LARRY AMERSON, et al                             ENTERED

    Defendants.                                          DEC 5 2000

MEMORANDUM OPINION

This cause comes on to be heard on defendant Joseph LeRoux's Motion to Dismiss (converted to a motion for summary judgment) filed on October 23, 2000. The motion, among other grounds, states that the complaint fails to state a claim upon which relief may be granted and asserts qualified immunity.

The basis of plaintiff's claim against LeRoux, as stated in his brief is the following:

> There was a fight between inmates Davis and Lee. Plaintiff helped break up the fight and was immediately assaulted by Lee after Lee was released from lock down. When LeRoux filed an incident report, he did not note plaintiff's role in breaking up the fight and, thus, no action was taken to separate plaintiff from Lee. Plaintiff states, the fact that LeRoux did not indicate Carmichael's involvement in breaking up the fight is not proof that Carmichael did not break up the fight. It is proof of Officer LeRoux's <u>negligence</u> and/or <u>indifference</u> in filing the report.... Had Officer LeRoux properly noted all the pertinent information in his report of the altercation, plaintiff Carmichael likely would have not suffered an assault on his Eighth Amendment rights and other injuries, because the 'pass-along' book would have reflected Lee's ill-will toward Carmichael, and Lee would not have been released from lock down, entirely unsupervised.[1] (Emphasis Added).

---

[1] Plaintiff does not suggest why LeRoux should have known that Lee, any more than Davis, might have been disturbed by plaintiff's alleged action, or that either Lee or Davis would be so disturbed.

36

Plaintiff's citation of Ala. Code § 11-47-190 is entirely inapposite. It has absolutely nothing to do with this case. Plaintiff, however, suggests that somehow it imposes a statutory duty on LeRoux.

Plaintiff goes on to make other arguments which do not support claim(s) of Constitutional violation(s). These include: (1) "Officer LeRoux's failure to denote Carmichael's involvement in the break up of the fight between Otis Davis and Mario Lee constitutes negligent indifference to the Eighth Amendment rights of Carmichael." "...Officer LeRoux's negligence is accurately denoting ....;" (2) "But for defendant's negligence in performing his duties, plaintiff ... ."

Plaintiff's arguments clearly do not defeat defendant LeRoux's assertion of qualified immunity, even assuming that a Constitutional violation is alleged. (It is not.)

The defendant LeRoux's motion to dismiss will be granted. Plaintiff will be given leave to file a motion to amend within ten (10) days, provided that any such motion is accompanied by a statement of U. S. Supreme Court case(s), Eleventh Circuit cases and/or a pattern of other U. S. Circuit Courts of Appeal cases which, in a fact specific way, suggest that the law was clearly established that such conduct as is alleged as to LeRoux violates the Constitution.

If, at any time, leave to amend is granted, the defendant LeRoux will submit to the court a copy of the alleged grievance procedure upon which it relies, and cite authorities for why the cause should be dismissed after the statute has run. Furthermore, the said defendant will clearly state why, if the injury occurred on August 7, 1998, a complaint filed on August 7, 2000 would be barred by a statute of limitations.

2

This the 5 day of December, 2000.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE